**Electronically Filed
Intermediate Court of Appeals
CAAP-13-0001014
28-MAR-2014
08:59 AM**

NO. CAAP-13-0001014

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
JAYVAN CURIOSO, Defendant-Appellant
and
JEFFREY VALLEJOS, JONATHAN D. BAGAY, Defendants


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CRIMINAL NO. 06-1-2226)


SUMMARY DISPOSITION ORDER
(By: Foley and Ginoza, JJ.,
with Nakamura, C.J. concurring separately)

Defendant-Appellant Jayvan Curioso (**Curioso**) appeals from the May 1, 2013 "Order Granting Motion for Modification of the Terms and Conditions of Probation, Deferred Acceptance of Guilty Plea or Deferred Acceptance of No Contest Plea," (**Order to Modify DAGP**) entered in the Circuit Court of the First Circuit[1] (**circuit court**).

Curioso contends the circuit court reversibly erred by:

(1) violating Curioso's due process rights by modifying his probation conditions to include an unpaid restitution payment without providing him notice; and

(2) granting Plaintiff-Appellee State of Hawai'i's (**State**) Motion to Modify Curioso's DAGP without first inquiring

---

[1] The Honorable Judge Steven S. Alm presided.

into Curioso's ability to pay restitution or the time and manner in which he could make such payments.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Curioso's points of error as follows:

In support of his contention that the circuit court violated his due process rights by failing to notify him that his failure to pay restitution could trigger modification of his probation, Curioso cites the following applicable law: "[a] court modifying a Defendant's probation, where no notice was previously provided to said Defendant that his original sentence might be modified at a future date, violates that Defendant's right to due process." State v. Johnson, 92 Hawai'i 36, 986 P.2d 987 (App. 1999).

While the circuit court's September 7, 2011 Order of Resentencing Revocation of Probation did not require Curioso to pay restitution, a free-standing restitution order had been originally imposed as a condition of deferring proceedings against Curioso on September 4, 2007. At that hearing, the circuit court informed Curioso that "because the restitution payment [was] a freestanding order, it [would] follow [Curioso] after the deferral period [was] done." Curioso thus received "notice" the restitution order would "follow" him beyond the deferral period, and the May 1, 2013 modification of the terms of his probation was not an abuse of discretion.

The circuit court is authorized to correct "[c]lerical mistakes in judgments, orders or other parts of the record and errors in the record arising from oversight or omission . . . at any time of its own initiative or on motion of any party and after such notice[.]" Hawai'i Rules of Penal Procedure (**HRPP**) Rule 36; see State v. Oshiro, No. CAAP-10-0000085 (Haw. App. Dec. 16, 2011) (SDO), 126 Hawai'i 25, 265 P.3d 494 (remanding case to correct a clerical error that resulted in the defendant's conviction under only one subsection of Hawaii Revised Statutes (**HRS**) § 711-1106(1) instead of two subsections). At the April 26, 2013 hearing, the circuit court stated, "it appeared that for

2

some reason it [the restitution payment] wasn't ordered when [Curioso] was resentenced in 2011[,]" indicating the failure to include the freestanding restitution payment order was the result of simple error.

We conclude the circuit court did not reversibly err by requiring Curioso to pay restitution in its Order to Modify DAGP because the circuit court: (1) notified Curioso that the restitution order would extend beyond his deferral period; (2) included the restitution order in the initial September 4, 2007 sentencing order; and (3) has authority to correct clerical errors under HRPP Rule 36.

Curioso cites State v. Gaylord, 78 Hawai'i 127, 890 P.2d 1167 (1995) to support his second contention that the circuit court's failure to consider his financial ability to make restitution for the purpose of establishing the time and manner of payments rendered the Order to Modify DAGP illegal. Gaylord, 78 Hawai'i at 155, 890 P.2d at 1195 (holding the sentencing court's restitution order failed to comply with HRS § 706-605(1)(d) (Supp. 1992) and was illegally imposed, holding modified by State v. Hussein, 122 Hawai'i 495, 229 P.3d 313 (2010)).

Gaylord interpreted HRS § 706-605, which has undergone substantial amendments. Before 2006, HRS § 706-605(1)(d) authorized a court to sentence a convicted defendant "([t]o make restitution in an amount the defendant can afford to pay[.]" See 2006 Haw. Sess. Laws. Act 230 § 17 at 1007 (emphasis added). Accordingly, courts were required to make findings as to a defendant's ability to pay the amount of restitution specified in their orders under HRS § 706-605(1)(d). See Gaylord, 78 Hawai'i at 152, 890 P.2d at 1192; see also State v. Werner, 93 Hawai'i 290, 296, 1 P.3d 760, 766 (App. 2000). It was "incumbent upon the [sentencing] court to enter into the record findings of fact and conclusions that the manner of payment is reasonable and one which [the defendant] can afford." Gaylord, 78 Hawai'i at 153, 890 P.2d at 1193 (citation and internal quotation marks omitted).

The current HRS § 706-605(1) (Supp. 2013) has no such clause. Act 230, Session Laws 2006, amended HRS § 706-605 to

3

"[r]equire[] that when restitution is ordered, the amount ordered not be based on the defendant's financial ability to make restitution but such ability may be considered in establishing the time and manner of payment[.]" H. Stand. Comm. Rep. No. 665-06 at 2 (Mar. 2, 2006) available at www.capitol.hawaii.gov/session2006/commreports/HB3256_HD1_HSCR665 -06_.pdf.

HRS § 706-605(7) (Supp. 2013) incorporated language from the House Standing Committee Report:

> (7) The court shall order the defendant to make restitution for losses as provided in section 706-646. In ordering restitution, the court shall not consider the defendant's financial ability to make restitution in determining the amount of restitution to order. The court, however, shall consider the defendant's financial ability to make restitution for the purpose of establishing the time and manner of payment.

(Emphasis added.)

Also employing language from the House Standing Committee Report, HRS § 706-646(3) (Supp. 2013) provides:

> (3) In ordering restitution, the court shall not consider the defendant's financial ability to make restitution in determining the amount of restitution to order. The court, however, shall consider the defendant's financial ability to make restitution for the purpose of establishing the time and manner of payment. The court shall specify the time and manner in which restitution is to be paid. Restitution shall be a dollar amount that is sufficient to reimburse any victim fully for losses, including but not limited to:
>
> (a) Full value of stolen or damaged property, as determined by replacement costs of like property, or the actual or estimated cost of repair, if repair is possible;
>
> (b) Medical expenses; and
>
> (c) Funeral and burial expenses incurred as a result of the crime.

(Emphasis added.)

Under current versions of HRS §§ 706-605(1), (7), and 706-646(3), the circuit court is authorized to impose a freestanding order of restitution payment and/or as a condition modifying Curioso's deferral and/or probation status, but is required to: (1) "specify the time and manner in which restitution is to be paid" (HRS § 706-646(3)); and (2) "consider

[Curioso's] financial ability to make restitution for the purpose of establishing the time and manner of payment." HRS § 706-605(7).

Curioso did not appeal from the September 4, 2007 order granting his DAGP motion and imposing a freestanding restitution order as a condition of his deferral.

The circuit court's Order to Modify DAGP specified that Curioso would pay restitution, jointly and severally, at a rate of $50 per month. We conclude the circuit court specified the time and manner in which Curioso was to pay restitution as required by HRS § 706-646(3).

At the April 26, 2013 hearing on the State's motion to modify Curioso's DAGP, the circuit court inquired into whether Curioso had completed a drug abuse treatment program and procured full time employment. The circuit court's inquiry into the demands on Curioso's time and his employment status showed it considered his financial ability to make restitution payments of $50 a month under HRS § 706-605(7).[2]

Therefore,

IT IS HEREBY ORDERED that the May 1, 2013 "Order Granting Motion for Modification of the Terms and Conditions of Probation, Deferred Acceptance of Guilty Plea or Deferred Acceptance of No Contest Plea," entered in the Circuit Court of the First Circuit is affirmed.

DATED: Honolulu, Hawai'i, March 28, 2014.

On the briefs:

Walter J. Rodby
for Defendant-Appellant.

Donn Fudo
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee.

_____
Associate Judge

_____
Associate Judge

---

[2] This court has considered a lower court's oral findings made at a restitution hearing in determining whether the lower court satisfied requirements of HRS § 706-605(7). State v. Elicker, No. 28190 (Haw. App. Feb. 22, 2008) (SDO), 117 Hawai'i 173, 177 P.3d 361.

5